UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON S. LAVERGNE (#424227) | CIVIL ACTION NO. |
| VERSUS | 19-709-SDD-EWD |
| DOUGLAS McDONALD, ET AL. | |

## ORDER

This matter comes before the Court on Plaintiff's Complaint.[1] The filing fee was not paid with the filing of the complaint.

The *pro se* Plaintiff, Brandon S. LaVergne ("Plaintiff") an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Douglas McDonald, Michael Vaughn, Darrell Vannoy, and Joseph LaMartinaire ("Defendants") alleging that Defendants have violated his constitutional rights.

The statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings makes clear that Plaintiff is not entitled to proceed as a pauper in this case. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in a federal district court that have been dismissed as frivolous, malicious, or for failure to state a claim.[2]

---

[1] R. Doc. 1.
[2] Cases dismissed as frivolous or failure to state a claim include but are not limited to *Brandon Scott Lavergne v. Advancial Federal Credit Union,* CV 13-2119-RTH-CMH (W.D. La.); *Brandon Scott Lavergne v. Laincy Vasseur Martinez,* CV 13-2121-RTH-CMH (W.D. La.); and *Brandon Scott Lavergne v. Claire Gianfala Higginbottom,* CV 13-2122-RTH-CMH (W.D. La.).

An inmate who has had three prior "strikes" may still qualify to file a new civil action *in forma pauperis* upon a showing of imminent danger. However, this exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm.[3] An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury."[4] The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger.[5] The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.[6]

Plaintiff has not alleged that he is in imminent danger of serious physical injury, and the allegations of the Complaint do not lead this Court to believe that Plaintiff is in imminent danger of serious physical injury.[7] Rather, Plaintiff's allegations consist of past harms, including multiple alleged acts of retaliation, disputes regarding disciplinary reports, use excessive force, and infringement of Plaintiff's right to freedom of speech and freedom of religion. Though Plaintiff's complaints regarding alleged infringement of his religious liberty and complaints regarding the alleged "excessive sentence" imposed upon him are ongoing; Plaintiff is not in imminent danger of serious physical injury as a result of not being allowed to attend religious services or as a result of his current confinement.[8] Accordingly,

---

[3] *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998).
[4] 28 U.S.C. § 1915(g).
[5] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").
[6] *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future because he has been required to wear shoes that are the wrong size and are damaged is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).
[7] Plaintiff also indicated on the complaint that he did not wish to proceed as a pauper and would be paying the fee "up front." (R. Doc. 1, pp. 4-5).
[8] R. Doc. 1, pp. 18-19; 20-21.

**IT IS ORDERED** that the plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $400.00, the full amount of the Court's filing fee. The filing fee must be paid in full in a single payment. No partial payments will be accepted.

**Failure to pay the Court's filing fee within 21 days shall result in the dismissal of the plaintiff's action without further notice from the Court.**

Signed in Baton Rouge, Louisiana, on October 18, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**