UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON S. LAVERGNE (#424227)** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-709-SDD-EWD** |
| **DOUGLAS McDONALD, ET AL.** | |

**ORDER**

Before the Court is a motion for preliminary injunction styled "Rule 65(a) Preliminary Injunction Request"[1] and a motion for temporary restraining order styled "FRCP Rule 65(b) Petition for Temporary Restraining Order."[2] The Court has carefully considered the motions, and, for the following reasons, the motions are denied.

The Plaintiff, Brandon S. Lavergne, ("Plaintiff") an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. Of the many complaints voiced in Plaintiff's complaint, those pertinent to the pending motions include the following: the monitoring of Plaintiff's mail;[3] Plaintiff's lack of email access;[4] and Plaintiff's dissatisfaction with the fact that he is not allowed to attend religious services.[5]

In Plaintiff's motion for preliminary injunction[6], Plaintiff seeks prompt delivery and sending of his mail and access to emails.[7] In Plaintiff's motion for temporary restraining order, he asks to be allowed to attend religious services. The relief sought by Plaintiff in each motion is co-

---

[1] R. Doc. 7.
[2] R. Doc. 8
[3] Plaintiff refers to this as "mail watch." R. Doc. 1-1, pp. 10-11.
[4] R. Doc. 1-1, pp. 20-22.
[5] R. Doc. 1-1, pp. 18, 22.
[6] R. Doc. 7.
[7] R. Doc. 7, p. 2.

extensive with the relief sought in his compliant.[8] As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case.[9] Otherwise, the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief. For this reason, the Plaintiff's motions will be denied, along with the Plaintiff's failure to meet his onerous burden of proof as discussed below.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[10] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[11]

At all times, the burden of persuasion remains with the Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[12] If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[13]

---

[8] *See* R. Doc. 1-1, pp. 10-11, 18-22.
[9] *See generally Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir.1985).
[10] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule").
[11] *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.
[12] See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).
[13] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

Plaintiff herein has failed to show the facts and law clearly favor his request for a preliminary injunction. Plaintiff's Motion fails to show he has a substantial likelihood of prevailing on the merits or that there is a substantial threat he will suffer irreparable injury if the requested relief is not granted, much less that the law and the facts clearly favor him. Additionally, any harm which may come to Plaintiff as a result of delay of mail, lack of email access, or inability to attend religious services is unlikely irreparable. Further, if warranted, any harm, which may occur, may be redressed by way of a post-judgment injunction and/or restraining order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions[14] are **DENIED**.

Signed in Baton Rouge, Louisiana on July ~~15,~~ 16th, 2020.

*[signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[14] R. Docs. 7 & 8.