# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON S. LaVERGNE (#424227)** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-709-SDD-EWD** |
| **DOUGLAS McDONALD, ET AL.** | |

## ORDER

Before the Court is a Motion to Order Access to Witnesses ("Motion"), filed by Brandon S. LaVergne ("Plaintiff"), who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] Defendant Douglas McDonald ("McDonald") has filed an opposition memorandum.[2] In the Motion, Plaintiff requests "face to face" meetings with three inmates[3] whom he alleges are witnesses to the chemical spray incident complained of in this lawsuit. McDonald argues, generally, that because prison administrators are to be given much deference in managing the day-to-day operations of prisons, the Motion should be denied.[4] Though this statement is true, it is an oversimplification of the issue presented. Here, Plaintiff is not asking the Court to infringe upon the day-to-day operations of the facility. Rather, Plaintiff is requesting specific access to specific witnesses to an incident at issue in this lawsuit. Though this may require officers to perform limited additional functions to facilitate interviews, the request does not generally affect day-to-day operations of LSP.[5]

---

[1] R. Doc. 34.
[2] R. Doc. 39.
[3] Plaintiff originally requested meeting with four inmates, but, since the Motion was filed, Plaintiff has had the opportunity to discuss the issues in the case with one inmate, Jonathan Veal, and thus, no longer needs to meet with this inmate. R. Doc. 40. The three inmates with whom Plaintiff has requested to meet are Robert Clark, Terry Smith, and Kevin Pitre. R. Doc. 34.
[4] R. Doc. 39, pp. 3-4.
[5] The request to interview witnesses does not request that LSP change policies or operating procedures, as McDonald seems to insinuate.

USM - Certified

McDonald also argues in a conclusory fashion that allowing Plaintiff to meet with witnesses would be detrimental to security.[6] The security concerns listed by McDonald, including issues with staffing and the potential for violence due to the various histories of the inmate witnesses,[7] can be easily reduced by allowing face-to-face non-contact visitation.[8] Further, though McDonald argues that the witness inmates "have no way of verifying Plaintiff's claims" due to their proximity to the incident, Plaintiff is at least entitled to interview them to determine *if* these inmates do have any information that may be relevant to this action.[9]

Further, though McDonald urges the Court to facilitate communication through written questions or through inmate counsel substitute, Plaintiff is correct about the practical limitations of these methods. Moreover, live interviews that limit security risks are possible. As pointed out by Plaintiff, non-contact visitation booths exist at the Louisiana State Penitentiary that may be used for these interviews.[10] Use of a non-contact interview methods, such as the booths or using video-conferencing technologies, strikes a balance between the security needs of the institution and the need of Plaintiff to interview potential witnesses to the chemical spray incident that is at issue in this lawsuit. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Order Access to Witnesses[11] is **GRANTED IN PART AND DENIED IN PART.** By no later than **July 2, 2021**, the Warden of the Louisiana State Penitentiary shall facilitate live interviews between Brandon S. LaVergne and Robert Clark (#661786), Terry Smith (#618207), and Kevin Pitre (#350660) via a non-contact method such as

---

[6] R. Doc. 39, p. 4.
[7] R. Doc. 39, p. 4.
[8] To the extent McDonald argues that there is concern regarding the potential plotting of "nefarious undertakings," he has provided no facts to support this assertion. R. Doc. 39, p. 5.
[9] Considering the breadth of what is considered relevant evidence, at this point it is not clear that these individuals have *nothing* relevant to say regarding the incident. Fed. R. Evid. 401.
[10] R. Doc. 40, p. 2.
[11] R. Doc. 34.

the non-contact visiting booths noted by Plaintiff or through use of video-conferencing technologies.

Signed in Baton Rouge, Louisiana, on May 28, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**