UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LaVERGNE (#424227)                    CIVIL ACTION NO.

VERSUS                                            19-709-SDD-EWD

DOUGLAS McDONALD, ET AL.

### ORDER

Before the Court is a Motion to Reconsider, filed by Plaintiff Brandon LaVergne ("LaVergne"), that asks this Court to reconsider "its previous ruling of nominal damages" on the basis of LaVergne's belief that "[t]his court previously ruled that I can only seek nominal damages in this case" against Douglas McDonald ("McDonald") for the incident of alleged excessive force from the chemical spray incident that occurred on January 10, 2019.[1] LaVergne is mistaken. While the Court did determine that the LaVergne's claims of coughing and irritated skin without lasting effects were insufficient to establish a claim for compensatory damages, LaVergne was permitted to proceed with his claims for nominal and punitive damages related to this incident.[2] Because the Court is already allowing LaVergne to seek more than nominal damages against McDonald in his individual capacity related to the January 10, 2019 chemical spray incident, his Motion to Reconsider will be denied.[3]

---

[1] R. Doc. 75.
[2] *See*, R. Doc. 15, pp. 4-6 and R. Doc. 17, p. 1. *See also* R. Doc. 65, p. 10 (specifically referring the matter to the undersigned for further proceedings on LaVergne's claims for nominal and punitive damages against Douglas McDonald for the alleged incident of excessive force occurring on January 10, 2019).
[3] LaVergne only specifically requests that the Court allow him to pursue more than nominal damages, which it has already done as his claim for punitive damages remains. To the extent LaVergne is intending to ask this Court to revive his retaliation claim against McDonald for the chemical spray incident, the Court will not do so. This claim has been dismissed with prejudice and amendment to revive the claim will not be allowed. *See Agredano v. State Farm Lloyds*, No. 15-1067, 2017 WL 5203046, at n. 1 (W.D. Tex. July 26, 2017) (requesting amendment to revive a claim previously dismissed with prejudice weighs against allowing amendment). Additionally, LaVergne's retaliation claim against McDonald related to the chemical spray incident was dismissed because LaVergne alleged that McDonald was retaliating on behalf of Michael Vaughn without making any allegations regarding the nature of the relationship between Vaughn and McDonald to establish a plausible retaliatory motive. R. Doc. 15, p. 10. The "new" evidence that LaVergne points to in the Motion to Reconsider involving other inmates' statements that McDonald told

Accordingly,

**IT IS ORDERED** that the Motion to Reconsider,[4] filed by Brandon S. LaVergne, is **DENIED**.

Signed in Baton Rouge, Louisiana on June 17, 2022.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

LaVergne "I'm going to show you about filing lawsuits" does not address this deficiency, and that alleged statement by McDonald was already considered in evaluating LaVergne's retaliation claim based on LaVergne's allegations. *Id.*
[4] R. Doc. 75.