UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRANDON S. LaVERGNE (#424227)**  CIVIL ACTION NO.

**VERSUS**  19-709-SDD-EWD

**DOUGLAS McDONALD, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 29, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LaVERGNE (#424227)      CIVIL ACTION NO.

VERSUS     19-709-SDD-EWD

DOUGLAS McDONALD, ET AL.

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, and ORDER**

Before the Court are cross-motions for summary judgment.[1] The Motions are opposed.[2] Because McDonald is entitled to qualified immunity, it is recommended that the Motion for Summary Judgment,[3] filed by Defendant Douglas McDonald, be granted, and that the Motion for Summary Judgment,[4] filed by Plaintiff Brandon LaVergne, be denied,[5] such that all remaining claims in this case are dismissed with prejudice.

**I. BACKGROUND**

Brandon LaVergne ("Plaintiff") filed this suit on October 8, 2019 against multiple defendants.[6] Only Douglas McDonald ("Defendant") remains in this action.[7] As to this remaining claim, Plaintiff asserts that on January 10, 2019, another officer, Leslie Dupont ("Dupont") used

---

[1] R. Docs. 77 & 78.
[2] R. Docs. 79 & 80.
[3] R. Doc. 78.
[4] R. Doc. 77.
[5] To the extent Plaintiff asks for other relief, such as that his claims for deliberate indifference be reinstated because he now remembers that he informed Defendant he had sleep apnea prior to deployment of the chemical agent, it is procedurally improper to make this request in a motion for summary judgment. Additionally, Plaintiff has not brought forward evidence that he has a medical duty status that restricted the use of chemical agents because of any medical condition and sleep apnea does not necessarily render the use of chemical agents in his proximity deliberate indifference. *See, e.g., Williams v. City of New York Dep't of Corr.*, No. 19-9528, 2020 WL 3893929, at *4 (S.D.N.Y. July 10, 2020) (plaintiff with asthma whose exposure to chemical agents caused him to experience breathing difficulties and chest pain failed to plead a sufficiently serious injury to state a deliberate indifference claim); *Flemming v. Kemp*, No. 09-1185, 2012 WL 4094196, at *14-15 (N.D.N.Y. Aug. 30, 2012) (plaintiff did not establish deliberate indifference in decision to permit use of chemical agents against him notwithstanding that plaintiff suffered from sleep apnea and other conditions).
[6] R. Doc. 1, pp. 4-5; R. Doc. 5; R. Doc. 6. Other amended complaints (R. Docs. 9, 10, 12, 14) involve claims no longer in this action.
[7] R. Doc. 15; R. Doc. 17; R. Doc. 65; & R. Doc. 82.

chemical agent against another inmate (not Plaintiff). Plaintiff claims Defendant maliciously encouraged the use of chemical agent near Plaintiff with the intention of inflicting pain upon Plaintiff.[8] Plaintiff's claims for nominal and punitive damages against Defendant remain.[9]

## II. LAW & ANALYSIS

### A. Standard of Review

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, such that the moving party is entitled to judgment as a matter of law.[10] A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show there is no genuine issue of material fact.[11] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[12] Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[13] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses,

---

[8] R. Doc. 1-1, pp. 2-4.
[9] R. Doc. 1-1, pp. 7-8; R Doc.17, p. 1. Plaintiff requests reconsideration of the Court's decision to only allow him to pursue a claim for nominal damages. R. Doc. 77, p. 2. That request is not procedurally proper in a motion for summary judgment. Additionally, Plaintiff already sought reconsideration on this basis (R. Doc. 75), which was denied because his damages are not presently limited to nominal damages. R. Doc. 81; *see also* R Doc.17, p. 1; R. Doc. 65, p. 10 (noting that Plaintiff still has claims for nominal *and* punitive damages).
[10] Fed. Rule Civ. P. 56. *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[11] *Celotex Corp.*, 477 U.S. at 323.
[12] *Anderson*, 477 U.S. at 248.
[13] *Celotex Corp.*, 477 U.S. at 323.

weigh the evidence, or resolve material factual disputes.[14] However, the court must also determine whether the non-moving party's allegations are *plausible*. In considering a motion for summary judgment, once the court has "determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record*, [the ultimate decision] is a pure question of law."[15]

### B. McDonald is Entitled to Qualified Immunity

McDonald has asserted the defense of qualified immunity,[16] often asserted by prison officials in § 1983 cases. Employing a two-step process, the defense operates to protect public officials who are performing discretionary tasks from civil liability if their conduct does not violate clearly established constitutional rights.[17] Courts evaluating the defense consider "(1) whether the plaintiff has alleged the violation of a clearly established constitutional right, and (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident."[18] Either prong of the analysis may be considered first.[19] The assertion of the qualified immunity defense alters the summary judgment burden of proof.[20] Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."[21]

---

[14] *International Shortstop, Inc. v. Rally's, Inc*., 939 F.2d 1257, 1263 (5th Cir. 1991).
[15] *Scott v. Harris*, 550 U.S. 372, 381 at n. 8 (2007) (emphasis in original).
[16] R. Doc. 78-1, pp. 11-19.
[17] *Huff v. Crites*, 473 Fed.Appx. 398, 399 (5th Cir. 2012), citing *Flores v. City of Palacios*, 381 F.3d 391, 393-94 (5th Cir. 2004).
[18] *Huff*, 473 Fed.Appx. at 399, citing *Domino v. Texas Dept. of Criminal Justice*, 293 F.3d 752, 755 (5th Cir. 2001).
[19] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement").
[20] *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).
[21] *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), citing *Michalik*, 422 F.3d at 262.

3

"The plaintiff bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct."[22]

### 1. Plaintiff's Claim Against Defendant is for Bystander Liability

In Plaintiff's affidavit submitted in support of his Motion for Summary Judgment, he has attested to the following facts regarding the incident: Inmate Terry Smith ("Terry") was out of his cell and refused to return to his cell. Plaintiff was in the shower approximately ten feet from the security door.[23] In Plaintiff's verified complaint he alleged Defendant "told Dupont to spray Smith with chemical agent,"[24] but in Plaintiff's affidavit submitted in support of his Motion for Summary Judgment he clarifies that Dupont "told Terry he would spray him with tear gas if he [Terry] didn't go in his cell," and thereafter, Defendant "saw [Plaintiff] in the shower and began encouraging Dupont to use the gas. Terry was too far away to be effect. Dupont sprayed 2 or 3 bust [sic] of gas that went all over [Plaintiff] …" allegedly causing shortness of breath, and skin and eye irritation.[25]

Based on the undisputed summary judgment evidence McDonald did not *order* Dupont to spray chemical agent. Evidence presented by Defendant that he did not have the authority to give an order to Dupont to use chemical agent is unrefuted by Plaintiff.[26] Plaintiff does not contest the fact that Defendant was not assigned to work on Death Row E-Tier.[27] Indeed, Plaintiff's own statements support the determination that Defendant could not order Dupont to use chemical agents

---

[22] *Michalik*, 422 F.3d at 262.
[23] R. Doc. 77-2, p. 8 (Plaintiff's Affidavit).
[24] R. Doc. 1-1, p. 3. Plaintiff's claim was construed liberally on screening as alleging that Defendant ordered the use of chemical agent. As described below, the undisputed, competent summary judgment evidence establishes that Defendant did not have the authority to give such an order and that Defendant did not give an order to Dupont. At most, then Plaintiff's allegations are that Defendant encouraged Dupont to use chemical spray.
[25] R. Doc. 77-2, p. 8 (Plaintiff's Affidavit).
[26] R. Doc. 78-6, ¶¶ 13 & 14 (Col. Smith's Affidavit); R. Doc. 78-7, ¶¶ 13 & 17 (Defendant's Affidavit).
[27] R. Doc. 78-2, ¶ 11 (Defendant's Statement of Undisputed Facts); R. Doc. 78-7, ¶ 17 (Defendant's Affidavit); R. Doc. 78-6, ¶ 15 (Col. Smith's Affidavit).

4

under the circumstances: "neither Capt. Dupont or McDonald had the authority to use that gas without Col. Smith's approval."[28]

As it is undisputed that Defendant had no authority to order Dupont to use chemical agent in the situation at issue, Plaintiff's claim against Defendant is a bystander claim, rather than a claim for excessive force.[29] Although it is clearly established that "standing by, laughing, and providing verbal encouragement for a fellow officer's use of excessive force is unconstitutional,"[30] the necessary predicate for that unconstitutionality is that the fellow officer's use of force must have actually been excessive.[31] Thus, to determine if Defendant's encouragement of Dupont to use chemical agent constitutes a constitutional violation, the Court must first determine whether the use of force by Dupont was excessive.

### 2. Dupont's Use of Chemical Agent Against Terry Was Not Excessive

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[32] The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."[33] Factors to be considered in determining whether an alleged use

---

[28] R. Doc. 77, p. 5 ("Since Col. Smith was in the unit neither Capt. Dupont or McDonald had the authority to use that gas without Col. Smith's approval since it was going to be sprayed on the whole tier and not just in Terry Smith's cell."). *See also*, R. Doc. 79-1, p. 1 (Plaintiff's Memorandum Opposing Defendants Statement of Undisputed Facts, which does not contradict that Defendant did not outrank Dupont).

[29] *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (encouragement of another officer's use of force analyzed as a bystander claim); *Sinegal v. City of El Paso*, No. 19-107, 2020 WL 13442013, at *12-13 (W.D. Tex. July 6, 2020) (bystander claim where officers themselves did not use excessive force, but they stood by while excessive force was used by another). Plaintiff essentially concedes this point in his argument. R. Doc. 77, pp. 5-6 ("[Defendant] admits to not trying to stop Dupont from using the gas. …. admits to knowing he [Defendant] did have a legal obligation to tell Dupont not to use the gas.").

[30] *Sinegal*, 2020 WL 13442013, at *13.

[31] *Khan v. Lee*, No. 07-7272, 2010 WL 11509283, at *n. 4 (E.D. La. Dec. 2, 2010).

[32] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).

[33] *Hudson,* 503 U.S. at 10.

5

of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response.[34]

Plaintiff acknowledges that Dupont did not target him.[35] Plaintiff alleges the following relevant facts: 1) Terry refused to go to his cell; 2) Dupont "told Terry he would spray him with tear gas if he didn't go in his cell"; 3) "McDonald saw [LaVergne] in the shower and began encouraging Dupont to use the gas"; and 4) "Dupont sprayed 2 or 3 bust [sic] of gas."[36]

The U.S. Fifth Circuit Court of Appeals has found that use of chemical agents for purposes of restoring order is not excessive.[37] While Plaintiff argues that no force was necessary against Terry, who was only verbally refusing to comply with orders, use of chemical agent to obtain compliance is not excessive, even when the non-compliance is only verbal.[38] Plaintiff does not allege that the 2-3 bursts of chemical agent used against Terry was excessive (other than to argue none was necessary).

Here, Dupont had a valid reason to utilize force: the disturbance created by Terry's refusal to comply with orders. Thus, even if Defendant's intent in encouraging the use of force was so Plaintiff would be negatively affected, there cannot be a constitutional violation because the use of force against Terry was justified. The undisputed facts are that Terry was instructed to return to his cell, failed to comply, was threatened with force, continued to refuse to follow orders, and then two or three bursts of chemical agent were used by Dupont in an attempt to restore order.

---

[34] *Id.,* 503 U.S. at 7.
[35] R. Doc. 79-1, p.3 ("Capt. Dupont didn't target me; Capt. Douglas McDonald did.").
[36] R. Doc. 77-2, p. 8.
[37] *See Kitt v. Bailey*, No. 14-0368, 2015 WL 3909116, at *6 (S.D. Tex. June 24, 2015) ("Use of a chemical agent in limited quantities to gain compliance is considered an appropriate response when an inmate refuses to obey repeated orders."), citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984).
[38] *See, id.* (inmate confined in a high security prison facility does not have the right to decide whether to obey orders).

Based on evaluation of the factors relevant to the excessive force analysis for which evidence is available,[39] the force used by Dupont was not excessive. Defendant cannot have violated the constitution by encouraging Dupont to use constitutionally acceptable force, despite any ulterior motives.[40]

### III. CONCLUSION AND RECOMMENDATION

Defendant could only be liable for encouraging the use of force if that force was excessive. It was not. Plaintiff cannot overcome the fact that the force used by Dupont was not excessive because there was a disturbance on the tier warranting the use of force and Plaintiff has not established that the amount of force used by Dupont to restore order was excessive. Further, Plaintiff's second-hand exposure to chemical spray is generally not unconstitutional.[41] Because no constitutional violation occurred, Defendant is entitled to summary judgment granting qualified immunity and dismissing Plaintiff's only remaining claim for bystander liability.

---

[39] No evidence indicates the extent of injury caused to Terry, so the factor regarding extent of injury cannot be considered.

[40] An unworkable precedent would be set if this Court were to find that a constitutional claim exists any time an officer, with a potentially ulterior motive to harm the plaintiff inmate, encourages the use of a chemical agent against another inmate on the tier when such force is permissible but also negatively affects the plaintiff.

[41] *See Evans v. Rheams*, No. 19-595, 2020 WL 3163667, at *p. 3 (M.D. La. May 28, 2020) ("exposure to chemical agent, when that chemical agent is being used properly to gain compliance of another inmate, does not rise to the level of a constitutional violation."), report and recommendation adopted, *Evans v. Rheams*, No. 19-595, 2020 WL 3130299 (M.D. La. June 12, 2020); *Winfrey v. Vannoy*, No. 16-806, 2019 WL 3308427, at *2 (M.D. La. June 6, 2019) ("Plaintiff's claim of second-hand exposure to a chemical agent due to the security personnel's use of that chemical agent to gain compliance of Plaintiff's cellmate does not rise to the level of a constitutional violation."). *See also Bernard v. LeBlanc*, No. 10-545, 2011 WL 1790290, at *3 (M.D. La. April 6, 2011) (second-hand exposure to chemical agent which was intended for cellmate "does not rise to the level of a constitutional violation"); *Beverly v. Tappin*, No. 08-1145, 2008 WL 4999164, at *9 (W.D. La. Nov. 3, 2008) (second-hand exposure to pepper spray not sufficient to allege constitutional violation). While summary judgment is proper because Plaintiff cannot establish that Dupont utilized excessive force, it bears noting that Plaintiff does not address the summary judgment evidence that indicates that "every inmate on the tier" was affected by the chemical agent. R. Doc. 77-2, p. 11 (Affidavit of Jonathan Veal). Veal's Affidavit alleging that all innates on the tier began to cough uncontrollably after Dupont deployed the chemical agent contradicts Plaintiff's statement that Terry could not have been impacted by the chemical agent since he was too far away. It also contradicts Plaintiff's argument that the sole purpose of deploying the chemical agent was to target Plaintiff if every inmate on the tier was affected. *See also*, R. Doc. 78-6, ¶ 23 (Col. Smith's Affidavit that, after the chemical agent was used, "medical personnel came to the tier to evaluate the offenders housed on the tier."); R. Doc. 78-4 (Dupont's ARP Statement that, after the chemical agent was deployed, Plaintiff and the other thirteen offenders on E-Tier were triaged by EMT); R. Doc. 78-4, p. 26 (Col. Smith's ARP Statement that, after the chemical agent was deployed, Plaintiff and all offenders housed on the tier were offered showers, the tier was cleaned by orderlies, and all offenders were triaged by medical.).

**IT IS RECOMMENDED** that the Motion for Summary Judgment,[42] filed by Brandon S. LaVergne, be **DENIED**, and that the Motion for Summary Judgment,[43] filed by Douglas McDonald, be **GRANTED**, such that all remaining claims in this case are **DISMISSED WITH PREJUDICE**.

## ORDER

The Motion Under Rule 26(b)(3)(c),[44] filed by Plaintiff Brandon LaVergne, is **DENIED**. In the Motion, LaVergne requests an order from this Court instructing Louisiana District Attorney Donald Landry, in the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana, to produce to Plaintiff his statement given in or about August 7, 2012 concerning the death of Lisa Pate.

Discovery in this case has concluded.[45] Further, it is not clear how Plaintiff's request is relevant to the remaining claims in this case against Defendant Douglas McDonald, for which qualified immunity has been recommended.

Signed in Baton Rouge, Louisiana, on August 29, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[42] R. Doc. 77.
[43] R. Doc. 78.
[44] R. Doc. 83.
[45] R. Doc. 67.